IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-547 |
| | * | |
| ANTONIO WALKER-BEY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM AND ORDER

Now pending is Antonio Walker-Bey's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 75).[1] Walker-Bey is serving a 108-month sentence for a possession of a firearm and ammunition after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g). Walker-Bey seeks relief on the basis that certain medical conditions increase his risk of severe illness from COVID-19.

The court is not persuaded that Walker-Bey's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[2] Walker-Bey, age 31, alleges that he is at an increased risk of severe illness from COVID-19 because he has asthma, PTSD, and other breathing difficulties related to an old gunshot wound. The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See COVID-19: People with Certain Medical*

---

[1] Walker-Bey supplemented his motion with additional documentation of his exhaustion of his administrative remedies and some of his asserted medical conditions, along with information regarding the spread of COVID-19 at FCI Allenwood. (ECFs 78, 81, 82, 83, 84). The court considers these supplements.

[2] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit has held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

*Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). Certain heart conditions and chronic respiratory illnesses, including moderate-to-severe asthma, "can make you more likely to get severely ill from COVID-19." *Id.* The medical records Walker-Bey has provided in support of his motion demonstrate that, at least as of 2012, Walker-Bey was living with three bullet fragments in his upper chest area. (ECF 81 at 4). The records do not, however, show the extent to which Walker-Bey's initial injuries affect, if at all, his heart or lungs. Nor do they document Walker-Bey's assertion that he has asthma of any kind. Instead, the records remark that Walker-Bey's lungs are "clear of infiltrate and mass" and he presented "no convincing active cardiopulmonary disease." (*Id.*). Courts have rejected prisoners' claims that gunshot wounds increase the risk of severe illness due to COVID-19 where the inmate cannot show via medical records that the injury is currently causing respiratory or cardiovascular symptoms. *See United States v. Belle*, 457 F. Supp. 3d 134, 139 (D. Conn. 2020) (26-year-old defendant did not present extraordinary and compelling reason for release where medical records showed asymptomatic asthma and no respiratory symptoms from an old gunshot wound); *Goffigan v. United States*, No. 2:16-cr-34, 2020 WL 6875207, *3 (E.D. Va. Nov. 23, 2020) (petitioner's claims of breathing problems due to gunshot wound "not supported by any medical evidence").[3] The court acknowledges the possibility that Walker-Bey's injuries continue to affect his health, but the lack of documentation in this case leads the court to conclude that the risk the COVID-19 virus poses to Walker-Bey is not particularly acute, especially given his relative youth and his otherwise good health. *See Belle*, 457 F. Supp. 3d at 139.

Absent evidence of other underlying conditions that make Walker-Bey particularly vulnerable to COVID-19, the court does not believe Walker-Bey's asserted conditions are grounds for compassionate release. The court acknowledges Walker-Bey's concerns about the spread of COVID-

---

[3] Unpublished opinions are cited for the soundness of their reasoning and not for any precedential value.

19 at FCI Allenwood. But in light of the court's conclusion that Walker-Bey's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the conditions at FCI Allenwood do not provide grounds for Walker-Bey's sentence to be reduced.[4]

Accordingly, Walker-Bey's motion for compassionate release (ECF 75) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this  6th  day of April, 2021.

                                       /S/
                                       Catherine C. Blake
                                       United States District Judge

---

[4] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors, but the court notes that Walker-Bey's criminal history, contrary to his assertions, includes violence and the possession of dangerous weapons. Walker-Bey's prior felony convictions include a 2007 conviction for armed robbery (ECF 56, Amended Presentence Report ¶¶ 34) and of course the instant offense concerned his possession of a dangerous weapon. In addition, his conviction in this case stems from an incident in which Walker-Bey, after having been stopped by Baltimore Police on suspicion of conducting drug transactions, fled in a vehicle from officers at a recklessly high speed, threw a loaded firearm out of the window of the vehicle, and crashed into two parked cars and a telephone poll. (ECF 66, Sentencing Tr. at 11–12). Given this history, the court would have some concern that Walker-Bey's release would pose a danger to the community.